

POSTED ON WEBSITE

NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | |
|---|---|
| In re | Case No. 08-12937-B-7 |
| Michael David Erlandson and Susan Louise Erlandson, | |
| Debtors. | |

**MEMORANDUM DECISION REGARDING TRUSTEE'S FINAL REPORT AND APPLICATION FOR COMPENSATION OF TRUSTEE'S ATTORNEYS**

This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of res judicata and claim preclusion.

The court has received and reviewed the final report filed on July 9, 2009, by Jeffrey M. Vetter, chapter 7 trustee (the "Trustee) and approved by the United States Trustee (the "UST"). The Trustee requests a commission based on his administration of the estate in the amount of $875.26 and reimbursement of expenses in the amount of $16.54. There was no opposition to the Trustee's final report (the "TFR") and it will be approved.

The court has also reviewed the final application for fees and expenses filed by Klein, DeNatale, Goldner, et al. ("KDG"), attorney for the Trustee (the "KDG Fee Application"). For the reasons set forth below, the KDG Fee Application will be approved only in part.[1]

---

[1]The UST has a staff of qualified and experienced analysts who review every chapter 7 petition and order audits of chapter 7 debtors to make sure that the occasional "abusive" case does not pass through the bankruptcy system unnoticed. However,

This memorandum decision contains findings of fact and conclusions of law required by Federal Rule of Civil Procedure 52(a), made applicable to this contested matter by Federal Rule of Bankruptcy Procedure 7052. This court has jurisdiction over this matter under 28 U.S.C. § 1334, 11 U.S.C. § 330[2] and General Orders 182 and 330 of the U.S. District Court for the Eastern District of California. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A).

**Background.**

This case was filed on May 22, 2008. It was originally filed as a "no-asset" case. The meeting of creditors was conducted and concluded in July 2008. The Trustee determined that this was an asset case and a "Notice to File Proof of Claim Due to Possible Recovery of Assets" was sent by the court to all creditors on July 23rd.

On August 8, 2008, the Trustee, through KDG, filed an application for authority to employ KDG as the Trustee's general counsel pursuant to 11 U.S.C. § 327 (the "Employment Application"). The Employment Application was approved the same day. The reasons for KDG's employment were stated in the Employment Application as follows:

///

///

---

pursuant to 28 U.S.C. § 586(a)(1) & (3), the UST also has an affirmative duty to supervise its panel of chapter 7 trustees and the administration of chapter 7 estates. The UST presumably reviewed and approved the TFR which includes a reference to KDG's request for fees. The court cannot tell from the record whether the UST also reviews the professional fees of its trustees, or whether the UST has relinquished that unpleasant task to the creditors and the courts.

[2]Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9036, as enacted and promulgated *after* October 17, 2005, the effective date of The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, Apr. 20, 2005, 119 Stat. 23.

> The United States Trustee has requested that Application state a particular reason why it is necessary for Applicant to employ an attorney. In this case, it is necessary for Applicant to employ an attorney to review and collect preference payments and fraudulent transfers and attempt to recover the estate's interest in personal property transferred to a third party or to Debtors. Additionally, Applicant will need to review the claims filed in Debtors' Chapter 7 case and determine if any objections need to be filed by his attorneys. (Employment Application, ¶ 3.)

The Trustee administered the estate and filed his TFR on July 9, 2009. The TFR reveals that the Trustee recovered assets totaling $3,501.04. Of that amount, $3,500 represented proceeds from the sale of three automobiles, to the Debtors, which the court approved in an uncontested motion on December 16, 2008. The balance represents interest paid by the bank to the Trustee's account.

KDG completed its work for the Trustee and filed the KDG Fee Application on February 9, 2009. The KDG Fee Application shows that KDG spent 21.2 hours of attorney and paralegal time working on this case with a value, at KDG's normal billing rates, of $3,131. Had KDG requested full compensation for its fees, the bankruptcy estate would be administratively insolvent, meaning that the Trustee and KDG would divide all of the funds in the estate pro-rata, leaving nothing for distribution to the creditors. KDG has agreed to accept compensation for its services in the reduced amount of $2,204.91. Pursuant to the TFR, the unsecured creditors of this estate, with claims totaling $202,755.59, will receive a 0.2% distribution totaling $404.33.

**Analysis.**

Pursuant to § 330(a)(3), a professional may be compensated for services that are reasonable and necessary to the administration of the case, or beneficial at the time the service was rendered toward the completion of the case. A review of KDG's Fee Application raises a number of concerns which lead the court to conclude that not all of KDG's fees were reasonable, necessary, or beneficial to the case, or otherwise appropriate for compensation. The most obvious problem

lies in the fact that the Trustee did not request authorization to employ KDG until August 8, 2008. KDG did not even review the case for possible conflicts of interest and start preparing the Employment Application until August 6, 2008. Giving credit for time spent preparing the Employment Application, KDG's time records reveal that only 7.5 hours with a time value of $955.50 were incurred after the Trustee requested authorization to employ counsel. Of that time, almost half, 3.6 hours, were spent preparing the Employment Application and the KDG Fee Application. All of the other work done by KDG on or before August 6th was unauthorized. It is fundamental that, absent "exceptional circumstances," a professional cannot recover fees for services rendered to the estate unless those services have been previously authorized by the court. *Atkins v. Wain, Samuel & Co. (In re Atkins)*, 69 F.3d 970, 973 (9th Cir 1995).

The bankruptcy court does have the equitable power to approve retroactively a "professional's valuable but unauthorized services." Retroactive approval is limited to situations in which "exceptional circumstances" exist. *Id.* at 974. A further review of KDG's Fee Application reveals several reasons why the court cannot approve retroactive employment. First, KDG did not request retroactive employment and it has not offered any "exceptional circumstances" to explain why the Employment Application could not have been submitted before significant services were rendered.[3] Second, its Employment Application did not disclose that KDG had already spent almost 14 hours of professional time working on the case.

The Employment Application stated specifically that the Trustee needed

---

[3]This court has traditionally allowed a 30-day grace period for debtor's counsel to seek employment in chapter 11 cases. Those cases tend to be significantly larger and longer in duration than chapter 7 cases and the attorney's attention is typically focused on numerous "first day" matters, which need to be addressed early. Those reasons do not apply in a small chapter 7 case where the trustee is appointed immediately and determines later that the performance of his duties will require the assistance of legal counsel.

4

legal counsel to "review and collect preference payments and fraudulent transfers and attempt to recover the estate's interest in personal property transferred to a third party or to Debtors." Time entries in the KDG Fee Application suggest that KDG helped the Trustee investigate the circumstances involving a repossessed airplane. However, no legal action was taken with regard to the airplane and it is not clear from the record what was required in the way of legal services to perform that task. The only assets the Trustee ultimately administered in this case were three automobiles which the Trustee sold back to the Debtors in an uncontested motion. KDG spent approximately 3.4 house preparing that motion for the Trustee. The record does not suggest that the Trustee actually had to take possession of the automobiles or that he experienced any difficulty in that process. It is not clear to the court why that whole procedure required the assistance of legal counsel at all.

In this District, many of the chapter 7 trustees file and serve simple motions and objections without legal counsel. On that note, much of the other work performed by KDG appears to relate to activities which a chapter 7 trustee should be able to perform without the assistance of legal counsel. Those matters include: reviewing and evaluating the bankruptcy schedules and the notice of meeting of creditors (collectively 2.9 hours of time from 6-13-08 to 7-16-08); attending the meeting of creditors (twice) to inquire about the repossessed airplane (4.2 hours from 7-1-08 to 7-18-08); preparing demand letters for preference payments for which no legal action was taken and nothing was recovered (1.7 hours on 8-5-08); and numerous time entries for the review of an unopposed motion by the creditor to compel abandonment and for relief from the automatic stay relating to the repossessed airplane (approximately 1.4 hours).

**Conclusion.**

Based on the foregoing, the Trustee's final report will be approved as modified herein with regard to the payment of KDG's fees. The Trustee's request

for a commission and reimbursement of expenses will be approved as well.

KDG's Fee Application will be approved in part. KDG cannot be compensated for services rendered prior to preparation and approval of its Employment Application. Further, the court is not persuaded that most of the services rendered by KDG in connection with this case were services for which an experienced chapter 7 trustee should require legal counsel. KDG's Fee Application will be approved in the amount of $955.50 representing services rendered from the date the court authorized its employment, including time spent preparing the Employment and Fee Applications.

Dated: October 15, 2009

W. Richard Lee
United States Bankruptcy Judge